UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CESAR CHICAS CARBALLO,

        Petitioner,

v.

STATE OF WASHINGTON,

        Respondent.

Case No. C24-5576-KKE-SKV

REPORT AND RECOMMENDATION

Petitioner is a state prisoner who is currently confined at the Pierce County Jail in Tacoma, Washington, pursuant to a judgment and sentence entered in Pierce County Superior Court, case number 17-1-00874-7. *See* Dkt. 5-1 at 1. Petitioner submitted a petition for writ of habeas corpus under 28 U.S.C. § 2254 in which he seeks "total release from custody." *Id*. at 5.

On September 10, 2024, the Court issued an Order to Show Cause as to why Petitioner's petition should not be dismissed for failure to exhaust state court remedies. Dkt. 6. The Court noted that if Petitioner failed to timely respond to the Order, it would recommend that this matter be dismissed. To date, Petitioner has not responded to the Court's Order. The Court now recommends dismissal.

\\

## I. DISCUSSION

To obtain relief under § 2254, a petitioner must demonstrate that each of his claims for federal habeas relief has been properly exhausted in the state courts. 28 U.S.C. § 2254(b)-(c). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). To provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

In this case, Petitioner appealed his original judgment and sentence entered on January 18, 2019, to the Washington State Court of Appeals, Division I, in case number 82054-1-I. Dkt. 5-1 at 2. His appeal succeeded and a new trial was held. *Id.* at 5. Petitioner's new trial resulted in his conviction for first degree murder and conspiracy to commit first degree murder. *Id.* A new judgment and sentence were entered on July 19, 2024. *Id.* Petitioner does not address in his petition whether he appealed his most recent judgment and sentence, but a review of the Pierce County Superior Court docket for his case shows a notice of appeal was filed on July 22, 2024. *See* https://linxonline.co.pierce.wa.us/linxweb/Case/CriminalCase.cfm?cause_num=17-1-00874-7 (last visited Oct. 11, 2024). It therefore appears Petitioner's latest appeal is outstanding and he has not exhausted his state court remedies. As such, he is not currently eligible for federal habeas review. The Court should accordingly dismiss his petition.

\\

REPORT AND RECOMMENDATION - 2

## II. CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court should find Petitioner has not met this standard and should accordingly deny Petitioner a certificate of appealability.

## III. CONCLUSION

Because Petitioner failed to respond to the Court's Order, Dkt. 6, and because his claims for federal habeas relief do not appear to have been properly exhausted in the state courts, the Court recommends Petitioner's habeas petition be dismissed. The Court further recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

## IV. OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may

REPORT AND RECOMMENDATION - 3

be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 1, 2024**.

    Dated this 11th day of October, 2024.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4